UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GREGORY D. ROBINSON,
    Petitioner,

vs.                      06-1067

OFFICER HINMAN, et. al.
    Respondant.

## ORDER

    The pro se petitioner has filed a motion to proceed in forma pauperis and a "Petition to Preserve Documentary Evidence Before the Commencement of a Civil Action." The petitioner has not filed a complaint. Nonetheless, the case is set for a merit review hearing pursuant to 28 U.S.C. §1915A. The court will cancel this hearing. The plaintiff has not filed a civil rights complaint.

    The petitioner says he expects to file a civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §1346. The petitioner says he is unable to bring his action at the present time because he is in the process of exhausting his administrative remedies.

    The petitioner says on October 4, 2005, the petitioner was assaulted by three other inmates and was seriously injured. The petitioner says Officer Hinman did nothing to stop the attack which lasted approximately 30 minutes. The petitioner says the assault was captured on videotape. The petitioner says the staff at the Pekin Federal Correctional Facility have told the plaintiff they are only required to keep the videotape for a six month period. Therefore, the petitioner is concerned that the tape will be destroyed before he is able to exhaust his administrative remedies.

    The petitioner has attached documents to his petition showing that he is attempting to exhaust his administrative remedies. The petitioner has also attached a January 20, 2006 letter from Warden R.V. Veach that was sent to the inmate in response to petitioner's request for the video tape of the incident. The warden states that the inmate is "not authorized to view or possess security surveillance footage, however the video is on file and will be maintained for our purposes." (Petition, Ex. C)

    The petitioner says he is unaware of any particular civil rule which authorizes the preservation of evidence. However, since Rule 27(a) of the Federal Rules of Civil Procedure permits the taking of depositions to preserve evidence, the petitioner has made his request pursuant to this rule.

    Federal Rule of Civil Procedure 27 provides a limited exception for discovery before an action is commenced in order to prevent a failure or delay of justice. In order to qualify for the this exception, a petitioner must show that: 1) he expects to be a party to a cognizable action in a United States Court; 2) he is unable to presently bring the cause of action; and 3) a substantial danger exists that testimony sought to be preserved would otherwise become unavailable or irrevocably lost before the complaint could be heard. Although the provisions of Rule 27 are most often used in connection with depositions, it has also been used for pre-action production of

documents and inspection of land. *See Martin v Reynolds*, 297 F.2d 49, 56 (9th Cir. 1961).

The court will grant the plaintiff's motion to proceed in forma pauperis on his petition. [d/e 1] and set this case for hearing on the motion to perpetuate testimony.  Although the plaintiff has named Officer Hinman as the opposing party, his petition demonstrates that Warden Veach is the more appropriate person to notify of the hearing.  The hearing will be scheduled for May 23, 2006 at 9:45 by telephone conference call.

In the meantime, the warden is ordered not to erase or destroy the videotape of the October 4, 2005 incident prior to the hearing.

IT IS THEREFORE ORDERED THAT:

1) The merit review hearing scheduled for April 20, 2006 is canceled and the writ is recalled.  This case was improperly docketed as an action pursuant to 42 U.S.C. §1983.  The plaintiff has filed a Petition to Perpetuate Testimony pursuant to Rule 27 of the Federal Rules of Civil Procedures.

2) The plaintiff's motion to proceed in forma pauperis on his petition is granted. [d/e 1]

3) The plaintiff's petition is set for hearing on May 23, 2006 at 9:45 a.m. by telephone conference call.  The clerk will initiate the call.  The clerk should issue a writ for the plaintiff's participation in the telephone conference call.

4) The clerk of the court shall add Warden R.V. Veach as a respondant for the purposes of the petition only.

5) The clerk of the court shall prepare for Warden Veach: 1) Notice of Hearing on Petition and Request for Waiver of Service of Summons; 2) a Waiver of Service of Summons; 3) a copy of the petition and 4) a copy of this order.  The Clerk is directed to mail said forms to Warden Veach at his work address at the Pekin Federal Correctional Institution.  If the warden fails to sign and return the Waiver to the Clerk within 30 days from the date said forms were sent, the Court will take appropriate steps to effect formal service on the warden and will require that the warden pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

6) The clerk is also directed to send and fax a copy of this order and the petition to the attention of the U.S. Attorney's Office.

Entered this 5th day of April, 2006

                                      s\Harold A. Baker

                          _____
                                    HAROLD A. BAKER
                             UNITED STATES DISTRICT JUDGE