UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GREGORY D. ROBINSON,
    Petitioner,

vs.                                                                                                        06-1067

OFFICER HINMAN, et. al.
    Respondant.

ORDER

This cause is before the court for case management and consideration of the petitioner's "Motion to Hold Suit in Abeyance" and complaint. [d/e 13].

I. BACKGROUND

This case began when the pro se petitioner, a federal prisoner, filed a "Petition to Preserve Documentary Evidence Before the Commencement of a Civil Action." [d/e 1] Federal Rule of Civil Procedure 27 provides a limited exception for discovery before an action is commenced in order to prevent a failure or delay of justice. In order to qualify for the this exception, a petitioner must show that: 1) he expects to be a party to a cognizable action in a United States Court; 2) he is unable to presently bring the cause of action; and 3) a substantial danger exists that testimony sought to be preserved would otherwise become unavailable or irrevocably lost before the complaint could be heard. Although the provisions of Rule 27 are most often used in connection with depositions, it has also been used for pre-action production of documents and inspection of land. *See Martin v Reynolds*, 297 F.2d 49, 56 (9th Cir. 1961).

The petitioner said he planned to file a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §1346. The petitioner said prison guards failed to protect him from an attack by other inmates. The petitioner said the entire attack was on videotape. However, the petitioner said he was unable to bring his action because he was in the process of exhausting his administrative remedies. He asked the court to preserve the videotape until he was able to file a lawsuit.

Gerard A. Brost, an Assistant United States Attorney, confirmed that there was a digital file of the alleged events and agreed to locate it and preserve it, and now has that digital file in his possession. The petitioner was given additional time to file a complaint. The petitioner has now filed a "Motion to Hold Suit in Abeyance" and a complaint.

The petitioner's motions states while he has exhausted his administrative remedies for his Bivens claim, he has not yet been able to exhaust his remedies pursuant to the Federal Tort Claims Act. The petitioner states that given the two year statute of limitations period, he requests additional time to file his tort claim.

II. COMPLAINT

The petitioner complaint is submitted pursuant to *Bivens* claiming that Correctional Officer Hinman violated his Eighth Amendment rights when he was deliberately indifferent to his health and safety on October 4, 2005. The court is required by 28 U.S.C. §1915A to "screen" the petitioner complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A

The petitioner says he was housed at the "Iowa Unit" at the Federal Correctional Institution in Pekin, Illinois. (Comp, p. 3). On October 4, 2005, Correctional Officer Hinman "was the day watch employee responsible for the housing unit." (Comp, p. 3, 4). The petitioner says early in the morning, he got into a verbal argument with another inmate. "This exchange took place inside of the Iowa Unit while Officer Hinman was outside of the housing unit." (Comp., p. 4). The petitioner then details an attack by this inmate and two others that he says went on for approximately 30 minutes at several locations in the cell house. The petitioner says the attack took place "in a housing unit which was unattended by staff member." (Comp., p.5)

> The staff member responsible, Officer Hinman, was outside of the housing unit talking to another officer during the entire period of time (petitioner) was savagely beaten by three assailants. (Comp., p.5).

The petitioner says he received medical care after the assault and was taken to an outside hospital. The petitioner says he suffered severe injuries and has not recovered fully from the attack.

The petitioner says Officer Hinman showed a callous disregard for his safety. The petitioner says due to the officer's training and experience, "Officer Hinman was aware of the imminent dangers posed by a correctional environment and the immediate threat of an outbreak of violence by the inmates housed in the institution." (Comp., p. 7) The petitioner is asking for nominal and punitive damages.

The petitioner has failed to state a violation of his constitutional rights. A prison official can violate the Eighth Amendment by failing to take reasonable steps to protect inmates from a known, substantial threat to their safety. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994). However, the Supreme Court has recognized "[t]o be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest and safety." *Whitley v Albers,* 475 U.S. 312, 106 (1986). In order to hold a defendant liable, the defendant must have "actual knowledge of the impending harm" that they "consciously and culpably refused...to prevent." *Campbell v Greer*, 831 F.2d 700, 702 (7th Cir. 1987). Negligence or even gross negligence does not constitute deliberate indifference. *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

The petitioner alleges that the officer is liable because he should have known that inmates

housed together are likely to have physical fights if left unsupervised.  While it may be negligent to leave inmates unattended for up to 30 minutes, the petitioner has not alleged Officer Hinman knew the petitioner was in any danger on October 4, 2005.  The officer did not witness, nor was he informed of the verbal argument, and by the petitioners's statement of the facts, the officer did not observe any of the assault while it was occurring.   The court will dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted.

While the petitioner has failed to state a claim pursuant to *Bivens,* he says he intends to pursue his claim pursuant to the Federal Tort Claims Act. (Herein FTCA).  The FTCA requires the petitioner to submit his claim to the Bureau of Prisons within two years from when the petitioner knows both the extent and cause of his injury. *See* 28 U.S.C. §2401 (b); *United States v Kubrick*, 444 U.S. 111, 122-124 (1979).  The plaintiff must follow the proper Bureau of Prison procedures to fully exhaust his claim.  Once the plaintiff receives the notice of final denial from the Bureau of Prisons, he has six months to file his FTCA claim in Federal Court. *See* 28 U.S.C. §2401 (b).

The petitioner says he has started the process of exhausting his FTCA claim.  Assistant United States Attorney Brost has stated that he will maintain the digital file during this process.  Therefore, the court will dismiss the petitioner's motion to hold this suit in abeyance.  The petitioner must follow the proper procedures and time lines to file his FTCA lawsuit against the United States.

**IT IS THEREFORE ORDERED that:**

**1) The petitioner's  "Motion to Hold Suit in Abeyance" is denied. [d/e 13].**

**2) The petitioner's complaint is dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. §1915A**

**3) Assistant United States Attorney Gerald Brost is to maintain the digital file of the October 4, 2005 events until the petitioner has fully exhausted his administrative remedies for his Federal Tort Claim and the six month statute of limitations period has passed after receipt of the final denial.**

**4) The Petition pursuant to Federal Rule of Civil Procedure 27 is dismissed.**

**5) The petitioner must still pay the full docketing fee of $250.00 even though his case has been dismissed.  The agency having custody of the petitioner is directed to remit the docketing fee of $250.00 from the petitioner's  prison trust fund account if such funds are available.  If the petitioner does not have $250.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the petitioner's trust fund account to the clerk of court each time the petitioner's account exceeds $10.00 until**

**the statutory fee of $250.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $250.00.**

**6) The petitioner is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**7) The clerk is directed to mail a copy of this order to the petitioner's place of confinement, to the attention of the Trust Fund Office.**

Entered this 13th day of November, 2006.


**s/Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE