UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GREGORY ROBINSON,
    Plaintiff,

vs.                                          06-1067

OFFICER HINMAN,
    Defendants.

ORDER

    This cause is before the court on plaintiff's motion to proceed *in forma pauperis* on appeal [d/e 25]

    Under 28 U.S.C. § 1915(a)(3), the court is required to determine if the plaintiff's appeal is taken in good faith before the court can determine *in forma pauperis* status. "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review. Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues. *See Cruz v. Hauck*, 404 U.S. 59, 62 (1971); *see also Coppedge v. United States,* 369 U.S. 438, 445 (1962).

    On February 20, 2007, this court indicated that it doubted whether plaintiff's appeal was taken in good faith, and directed the plaintiff to submit a brief stating his grounds for appeal to assist the court in determining the issue. *see Celske v. Edwards,* 164 F.3d 396, 398 (7th Cir. 1999). The plaintiff has now submitted a brief for the court's consideration.

    This case began on March 10, 2006, when the plaintiff filed a "Petition to Preserve Documentary Evidence" pursuant to Federal Rule of Civil Procedure 27. [d/e 1] The plaintiff stated that he planned to file a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C.§1346. The plaintiff alleged that prison guards had failed to protect him from an attack by another inmate and the entire assault was on videotape. The plaintiff said he was unable to file his lawsuit because he was in the process of exhausting administrative remedies.

    On June 7, 2006, the court held a hearing and found that the incident was recorded on digital video files. Defense counsel was ordered to preserve the video file and plaintiff was informed that he must file a complaint within 21 days.

    On August 16, 2006, the court held another hearing and instructed the United States Attorney's Office to obtain possession of the digital video file to insure that it was not erased. The plaintiff was given additional time to file his complaint.

On September 6, 2006, the court held a third hearing in this matter and the United States Attorney's Office stated that they had obtained the relevant digital video file. The plaintiff had filed a "Motion to Hold Suit in Abeyance" and a proposed complaint. The plaintiff stated that while he had exhausted his administrative remedies for his *Bivens* claim, he had not been able to exhaust his remedies pursuant to the Federal Tort Claims Act. The plaintiff had filed a proposed complaint for his *Bivens* claim, but asked for the court to give him additional time to file his federal tort claim.

The court conducted merit review of the plaintiff's complaint and found that the plaintiff had failed to state a claim upon which relief could be granted. *See* November 13, 2006 Court Order. The court reviewed the time line available for the plaintiff to file a claim pursuant to the Federal Tort Claims Act. The plaintiff stated that he had initiated the process. The United States Attorney's Office stated that it would maintain the digitial video file during this time frame. The case was then dismissed .*Id.*

The plaintiff is now appealing the court's decision. First, the plaintiff alleges that the court required him to file a Federal Tort Claims Act before he had exhausted his adminstrative remedies. The plaintiff is incorrect. The sole basis of plaintiff's initial lawsuit, *Robinson v Hinsman,* Case No. 06-1067, was a petition pursuant to Federal Rules of Civil Procedure 27. This rule provides a limited exception for discovery *before* an action is commenced in order to prevent a failure or delay of justice. The court addressed this petition and ordered the preservation of the evidence in question. The court could have simply closed the case at this point. However, since the time period for exhausting administrative remedies for a *Bivens* claim is relatively short, the court had hoped to allow the plaintiff time to file his complaint and avoid an additional filing fee. Unfortunately, the complaint filed by the plaintiff failed to state a claim upon which relief could be granted. The plaintiff may still file his Federal Tort Claims Act and the United States Attorneys Office has agreed to preserve the evidence during the relevant time frame.

Second, the plaintiff argues that the court should not have dismissed his *Bivens* claim. He plaintiff says the mere fact that Officer Hinman left his post unattended during the time frame that the plaintiff was beaten by another inmate constitutes deliberate indifference. As the court pointed in its order while it may be negligent to leave inmates unattended for up to 30 minutes, the plaintiff has not alleged that defendant knew the plaintiff was in any danger. In order to hold a defendant liable, the defendant must have "actual knowledge of the impending harm" that they "consciously and culpably refused...to prevent." *Campbell v Greer*, 831 F.2d 700, 702 (7th Cir. 1987). Negligence or even gross negligence does not constitute deliberate indifference. *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

Since the court has not been able to find any substantial issue meriting relief from judgement, and the plaintiff has failed to proffer any reason for the court to doubt this determination, the court cannot find a good faith basis for appeal. Accordingly, the court denies plaintiff's motion for leave to proceed in forma pauperis and certifies, pursuant to 28 U.S.C.

§1915(a)(3), that the appeal is not in good faith.

The Seventh Circuit has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal in forma pauperis, but must pay the appellate fees of $455 within 14 days.  *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). If the plaintiff wishes to contest this court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this court's certification within 30 days after service of this order.  *See* Fed.R.App.P. 24(a).

IT IS THEREFORE ORDERED that plaintiff's motion for leave to appeal in forma pauperis is denied. [d/e 25].   Plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within 14 days of the date of this order. Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds.   The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison.  Plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.   <u>The clerk is directed to  submit a copy of this order to the United States Court of Appeals for the Seventh Circuit</u>

Enter this __30th_____day of __April_____, 2007.


s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE