UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GREGORY D. ROBINSON,
    Petitioner,

vs.                                                     06-1067

OFFICER HINMAN, et. al.
    Respondant.

CASE MANAGEMENT ORDER

      This cause is before the court for case management. The plaintiff appeared pro se. The defendants were represented by Assistant United States Attorney Gerald Brost.

      This case began when the pro se petitioner, a federal prisoner, filed a "Petition to Preserve Documentary Evidence Before the Commencement of a Civil Action." [d/e 1] Federal Rule of Civil Procedure 27 provides a limited exception for discovery before an action is commenced in order to prevent a failure or delay of justice. In order to qualify for the this exception, a petitioner must show that: 1) he expects to be a party to a cognizable action in a United States Court; 2) he is unable to presently bring the cause of action; and 3) a substantial danger exists that testimony sought to be preserved would otherwise become unavailable or irrevocably lost before the complaint could be heard.

      The petitioner said he planned to file a civil rights action pursuant to *Bivens v.Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §1346. The petitioner said prison guards failed to protect him from an attack by other inmates and the entire attack was on videotape. However, the petitioner said he was unable to bring his action because he was in the process of exhausting his administrative remedies. He asked the court to preserve the videotape until he was able to file a lawsuit.

      A representative of the United States Attorney's office confirmed that there was a digital file of the alleged events and agreed to locate it and preserve it. The petitioner was given additional time to file a complaint. The plaintiff filed a proposed complaint pursuant to *Bivens,* but stated that he had not yet had a chance to exhaust his administrative remedies pursuant to the Federal Tort Claims Act. The plaintiff asked for additional time to add this claim.

      The court denied the plaintiff's motion and dismissed his complaint for failure to state a claim upon which relief could be granted. The United States Court of Appeals vacated that order and remanded the case instructing the court to allow the plaintiff to amend his complaint to flesh out the allegations of his *Bivens* claim, and if feasible, to add this claim pursuant to the Federal Tort Claim Act. (Herein FTCA).

      The court then set this case for hearing. Counsel for the defendants states that they have still preserved the digital file with the recording of the incident in the plaintiff's housing unit on

October 4, 2005.  The plaintiff stated that he has now exhausted his administrative remedies for his FTCA claim.  However, the plaintiff said he could not remember when he received the letter of denial and believes it could have been two or three years ago.   Defense counsel was also unaware of the date.   The court has repeatedly advised the plaintiff that he has six months from the date of receiving this letter to file his lawsuit regarding his FTCA claim.   The statute of limitations period would be tolled while the appeal was pending.  However, the time is now running.  The plaintiff must determine the date of this denial as soon as possible.  Therefore, the court will order both the plaintiff and the defendant to provide this date to the court within the next seven days.

In addition, the court will give the plaintiff time to file an amended complaint restating his *Bivens* claim.   The plaintiff is again advised that in order to state a violation of his constitutional rights, the plaintiff must demonstrate that the defendants' conduct involved "more than ordinary lack of due care for the prisoner's interest and safety." *Whitley v Albers,* 475 U.S. 312, 106 (1986).  In order to hold a defendant liable, the defendant must have "actual knowledge of the impending harm" that they "consciously and culpably refused...to prevent." *Campbell v Greer*, 831 F.2d 700, 702 (7th Cir. 1987).  Negligence or even gross negligence does not constitute deliberate indifference. *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

The court will provide a deadline for filing the amended complaint once the parties can identify the date of the final denial letter.

**IT IS THEREFORE ORDERED that:**

**the plaintiff and the defendants are to provide the court with a copy of the final denial of his Federal Tort Claim from the Bureau of Prisons to the court within seven days of this order.**

Entered this 23rd Day of October, 2008.


s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE