UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GREGORY D. ROBINSON,
    Petitioner,

vs.                                                            06-1067

OFFICER HINMAN, et. al.
    Respondant.

CASE MANAGEMENT ORDER

    This cause is before the court for case management and consideration of the defendants' motion to dismiss the amended complaint. [d/e 64]

I. BACKGROUND

    The plaintiff, a federal prisoner, filed a "Petition to Preserve Documentary Evidence Before the Commencement of a Civil Action" on March 10, 2006. [d/e 1] The petitioner said he planned to file a civil rights action pursuant to *Bivens v.Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §1346. The petitioner said prison guards failed to protect him from an attack by other inmates and the entire attack was on videotape. However, the petitioner said he was unable to bring his action because he was in the process of exhausting his administrative remedies. He asked the court to preserve the videotape until he was able to file a lawsuit.

    A representative of the United States Attorney's office confirmed that there was a digital file of the alleged events and agreed to locate it and preserve it. The petitioner was given additional time to file a complaint. The plaintiff filed a proposed complaint pursuant to *Bivens,* but also filed a Motion to Hold Suit in Abeyance. [d/e 13] The plaintiff stated that he had not yet had a chance to exhaust his administrative remedies pursuant to the Federal Tort Claims Act and needed additional time to add this claim.

    The court denied the plaintiff's motion and dismissed his complaint for failure to state a claim upon which relief could be granted. *See* November 13, 2006. The court found that the plaintiff had failed to articulate a claim pursuant to the Eighth Amendment. The court acknowledged the plaintiff's intention to pursue a negligence claim under the Federal Tort Claim Act. (Herein FTCA). The court instructed the plaintiff that he "must follow the proper Bureau of Prison procedures to fully exhaust his claim. Once the plaintiff receives the notice of final denial from the Bureau of Prisons, he has six months to file his FTCA claim in Federal Court." November 13, 2006 Court Order, p. 3. The United States Attorney's office stated that the digital file of the incident would be maintained while the plaintiff exhausted his administrative remedies.

    The United States Court of Appeals vacated that order and remanded the case instructing

the court to allow the plaintiff to amend his complaint to flesh out the allegations of his *Bivens* claim, and if feasible, to add this claim pursuant to the FTCA. [d/e 44, September 30, 2008]. The Seventh Circuit noted that the plaintiff wanted to bring a negligence suit, but was forced to file a potentially frivolous *Bivens* action since his FTCA claim was still premature. [d/e 44]

The court then set this case for hearing. Counsel for the defendants informed the court that they had still preserved the digital file with the recording of the incident in the plaintiff's housing unit on October 4, 2005. The plaintiff also claimed that he had exhausted his administrative remedies for his FTCA claim, but could not remember when he received the letter of denial. The court ordered the parties to provide the date of the denial letter.

The parties provided the court with a copy of the final denial of the plaintiff's administrative tort claim which was dated February 7, 2007. The case was remanded by the Seventh Circuit Court of Appeals on August 4, 2008.

The court informed the plaintiff that the statute of limitations period would be tolled while his appeal was pending, but the time was running and the plaintiff needed to determine the date of his denial as soon as possible. In addition, the court gave the plaintiff time to file an amended complaint restating his claims. October 23, 2008 Court Order.

The plaintiff took no action to file an amended complaint. On March 25, 2010, the court again reminded the plaintiff that he must file an amended complaint. The court repeated that it had warned the plaintiff that the clock was running, but he had allowed his case to languish and had failed to clarify his claims. March 25, 2010 Text Order. The court informed the plaintiff that he must file his amended complaint within 21 days or his case would be dismissed for failure to follow a court order. *Id.*

On April 12, 2010, the plaintiff filed a motion to amend his complaint which was granted. [d/e 58; April 26, 2010 Text Order]. The defendants have responded with a motion to dismiss the plaintiff's amended complaint [d/e 64] and a motion to stay discovery [d/e 66]. The plaintiff was notified that a motion to dismiss had been filed [d/e 67], but he has failed to file a response.

## II. MOTION TO DISMISS

The defendants have filed a motion to dismiss the plaintiff's amended complaint. [d/e 64] Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim. In reviewing the motion, the court accepts the complaints well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the plaintiff. *Patel v City of Chicago,* 383 F.3d 569, 572 (7th Cir. 2004). The complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v Gibson*, 355 U.S. 42, 45-46 (1957).

In his amended complaint, the plaintiff names Officer Hinman and "unknown

correctional officers as defendants." (Amd. Comp, p 1) The plaintiff states the facts of his case "are precisely set forth on pages 3-6 of the Original Complaint and do not warrant recitation here." (Amd. Comp, p. 3) In his first complaint, the plaintiff stated that on October 4, 2005, he was assigned to the Iowa Unit at the Federal Correctional Institution in Pekin, Illinois. Defendant Hinman was the duty watch employee responsible for the housing unit.

The plaintiff says at about 8:40 a.m., he and another inmate got into a verbal disagreement. A few minutes later, this inmate along with two others attacked the plaintiff and struck him with fists and boots for several minutes. The plaintiff says after the attack, he went to his cell and washed off his face. He then went to get ice for his face. On the way, he grabbed a broomstick to protect himself. The plaintiff says the fight started up again at the ice machine and one of the inmate struck him with a lock in a sock. The plaintiff says he went back up to his cell, and when he saw one of the original inmates, he struck him with the broom stick. The other inmates joined in and another fight ensued.

The defendants note that the plaintiff attached two documents to his original petition showing the plaintiff was disciplined for Possessing a Weapon (a broom handle) and fighting based on his admission that he restarted the fight when he struck another inmate with a broom handle. (d/e 1, Ex B, C.)

The plaintiff says these fights took place over a thirty minute period and there was no supervision by a staff member. The plaintiff says Officer Hinman was outside the unit talking to another individual during the entire incident. The plaintiff says after the incident he was taken to the hospital were it was determined that he had several facial fractures.

In his amended complaint, t he court notes that the plaintiff does not seek relief pursuant to the FTCA.[1] Instead, the plaintiff has divided his amended complaint into two counts pursuant to the Eighth Amendment. In his first count, the plaintiff says Officer Hinman and the other unknown officers were deliberately indifferent to his safety and medical needs in violation of the Eighth Amendment. (Amd. Comp., p. 5). The plaintiff says it is common knowledge that prisons are inherently dangerous. Consequently, correctional officers are directed to make safety checks every half hour. Nonetheless, the plaintiff says Officer Hinman did not return to the housing unit on October 4, 2005 until 45 minutes to an hour had passed. Therefore, the plaintiff says the officer was deliberately indifferent to his health and safety.

The plaintiff also says the attacks happened in full view of the security cameras, and nothing was done. The plaintiff says the unknown officers "inattention in monitoring the Iowa Unit cameras is sufficient to infer that they knew or should have known" that their inattention could create a greater risk to plaintiff's safety.

Under the Eighth Amendment, "prison officials have a duty...to protect prisoners from violence at the hands of other prisoners." *Farmer v Brennan,* 511 U.S. 825. 832 (1994).

---

[1] The court notes that the amended complaint was filed well past the statute of limitations period for any claim pursuant to the FTCA.

However, every injury suffered by one prisoner at the hands of another does not violate the constitution. An Eighth Amendment violation exists only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen..."*Haley v Gross,* 86 F.3d 630, 640 (7th cir. 1996). " First, the danger to the inmate must be objectively serious, posing a substantial risk of serious harm. Second, the prison official must have a sufficiently culpable state of mind of deliberate indifference to inmate health and safety." *Id.* at 640-641. The Supreme Court:

> emphasized the importance of the "actual knowledge" prong, finding that because the Eighth Amendment relates only to "punishment." it is not enough that the official "should have known"of a substantial risk or that a reasonable officer in the situation would have known of the risk. The court insisted that negligence on the part of the officer is insufficient to impose liability. *Haley,* 66 F.3d at 641.

"[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer,* 511 U.S. at 838. On the other hand, the Supreme Court noted that actual knowledge of serious harm can be inferred by the trier of fact from the obviousness of the risk. *Id.* at 842.

The plaintiff does not allege that any of the defendants had actual knowledge of the fight because they did not do a security check. It is doubtful the plaintiff can demonstrate deliberate indifference. However, the plaintiff has now stated that it was as long as an hour before officers checked the housing unit, and an inference could be made that the defendants were deliberately indifferent to the plaintiff's safety. For the purposes of notice pleading, the court finds the plaintiff has stated an Eighth Amendment claim.

The plaintiff also appears to be alleging that prison officials were deliberately indifferent to his serious medical needs. The plaintiff says if Officer Hinman or the other unknown officers had checked the housing unit earlier, he would have received medical attention sooner. The plaintiff has failed to articulate a claim pursuant to the Eighth Amendment.

To proceed with his Eighth Amendment claim, the plaintiff must be able to pass a two prong test. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). The first prong of the test requires the plaintiff to demonstrate that the alleged deprivation was sufficiently serious. *Id.* The second prong of the Eighth Amendment test requires the plaintiff to show that the defendant acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)(citing *Farmer* at 840-42) Inadequate medical treatment due to negligence or even gross negligence does not support an Eighth Amendment violation. *Shockley v Jones*, 823 F.3d 1068, 1072 (7th Cir. 1987). The plaintiff does not claim that Officer Hinman or the other defendants were aware of his injuries and delayed care. His claim is that they should have checked the housing unit sooner. Nonetheless, the plaintiff states when the officers did see his injuries, he was provided medical care.

In his second claim, the plaintiff alleges that the officers were "reckless in adhering to policy critical to enduring plaintiff's safety in violation of the plaintiff's eighth amendment rights." (Amd. Comp, p. 8). The plaintiff says Officer Hinman and the other officers were remiss in their duties and criminally reckless by failing to monitor the housing unit. The plaintiff has failed to state an additional violation of his constitutional rights. If the plaintiff can demonstrate that the defendants failed to follow established guidelines for security checks, it would be additional proof of his Eighth Amendment claim that they were deliberately indifferent to his health and safety.

### III. DEFENDANTS

Defendant Hinman has already been served. The plaintiff has identified the John Doe officers as the other individuals in charge of monitoring his housing unit during the relevant time period and any individuals who were responsible for monitoring the security cameras during the relevant time period. To expedite this case, the defendants are to provide the court and the plaintiff with the names of these individuals within 21 days.

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claim: the defendants were deliberately indifferent to the plaintiff's health and safety in violation of the Eighth Amendment.**

**2) All other claims based on federal law, other than those set forth in paragraph one above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) Defendant Hinman is already in this case. He must file an amended answer to the issues stated in this case management order within the time prescribed by Local Rule. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

**5) Defendant Hinman is to identify, to the extent possible, other individuals in charge of monitoring the plaintiff's housing unit during the relevant time period and any individuals who were responsible for monitoring the security cameras during the relevant time period. The defendants are to provide the court and the plaintiff with the names and current work addresses, or last known home address, of these individuals within 21 days of this order.**

6) Counsel for defendants is hereby granted leave to depose plaintiff at his place of confinement. Counsel for defendants shall arrange the time for the deposition.

7) The plaintiff failed to respond to the motion to dismiss. The plaintiff must inform the court in writing within 14 days if he wishes to continue to pursue this litigation. If the plaintiff fails to respond, this case will be dismissed.

8) The plaintiff must immediately notify the court of any change in his mailing address and telephone number. Failure to notify the court of any change in the mailing address will result in dismissal of this lawsuit, with prejudice.

9) The defendants motion to stay discovery is denied as moot. [d/e 66] The court will abide by the following scheduling deadlines: 1) all discovery must be completed on or before April 1, 2011; and 2) any dispositive motion must be filed on or before May 3, 2011.

Entered this 19th Day of October, 2010.

\s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE