UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GREGORY D. ROBINSON,
    Plaintiff,

vs.                              06-1067

OFFICER HINMAN, et. al.
    Defendants.

## CASE MANAGEMENT ORDER

    This cause is before the court for case management and consideration of various pending motions including: the Plaintiff's motion to compel discovery [d/e 71]; the Plaintiff's motion for appointment of counsel [d/e 72]; the Plaintiff's motion for reconsideration of the October 19, 2010 Court Order [d/e 73]; and, the Plaintiff's motion for sanctions. [d/e 76]

### I. BACKGROUND

    This lawsuit began when the Plaintiff, a federal prisoner, filed a "Petition to Preserve Documentary Evidence Before the Commencement of a Civil Action" on March 10, 2006. [d/e 1] The Plaintiff said he planned to file a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §1346, because prison guards failed to protect him from an attack by other inmates. The Plaintiff said the entire attack was on videotape, but he was unable to file a complaint because he was in the process of exhausting his administrative remedies. He asked the court to preserve the videotape until he was able to file a lawsuit.

    The court set this matter for hearing and a representative of the United States Attorney's office confirmed there was a digital file of the alleged events which he agreed to locate and preserve. The Plaintiff was given additional time to file a complaint. The Plaintiff filed a proposed complaint pursuant to *Bivens,* but also filed a Motion to Hold Suit in Abeyance. [d/e 13] The Plaintiff stated that he had not yet had a chance to exhaust his administrative remedies pursuant to the Federal Tort Claims Act (herein FTCA) and needed additional time to add this claim.

    The court denied the Plaintiff's motion and dismissed his complaint for failure to state a claim upon which relief could be granted. *See* November 13, 2006 Court Order. The United States Court of Appeals for the Seventh Circuit vacated that order and remanded the case instructing the court to allow the Plaintiff to amend his complaint to flesh out the allegations of his Bivens claims, and if feasible, to add his claim pursuant to the FTCA.

The court again set this case for hearing and the Defendant stated that the digital file of the events had been preserved. The Plaintiff indicated that he had exhausted his administrative remedies for his FTCA claim, but could not remember the date of his final denial letter. The court informed the Plaintiff that the statute of limitations period was tolled while his appeal was pending, but the time was now running and the Plaintiff needed to file his amended complaint. *See* October 22, 2008 Text Order

The Plaintiff took no action to file an amended complaint, but instead allowed his case to languish. On March 25, 2010, the court warned the Plaintiff that if he did not file his amended complaint within 21 days, his case would be dismissed for failure to follow a court order. *See* March 25, 2010 Text Order

On April 12, 2010, the Plaintiff filed a motion to amend his complaint which was granted. [d/e 58; April 26, 2010 Text Order]. The Plaintiff's amended complaint did not set forth a FTCA claim, but instead stated two claims pursuant to the Eighth Amendment. The Defendants responded with a motion to dismiss. On October 19, 2010, the court reviewed the Plaintiff's amended complaint and found that he had adequately alleged that Defendant Hinton and other unknown John Doe officers were deliberately indifferent to his health and safety. *See* October 19, 2010 Case Management Order. The Plaintiff says he was attacked by two other inmates while the officers were not in the area and ignored security cameras for over an hour. The court found that an inference could be made that the Defendants were deliberately indifferent to the Plaintiff's safety based on the length of time the area went without supervision. *Id*. at 4. The court also found that the Plaintiff had failed to state a second Eighth Amendment claim based on deliberate indifference to a serious medical condition.

The court noted that the other John Doe Defendants were the other individuals in charge of monitoring his housing unit and the security cameras during the relevant time period. The court ordered the Defendants to provide the names of these individuals within 21 days. *Id.* at 5. The court was also concerned that the Plaintiff had lost interest in pursuing this litigation since he had not filed a response to the Defendant's motion to dismiss his complaint. Therefore, the court ordered the Plaintiff to inform the court in writing whether he wished to continue with his litigation. *Id.* at 6. The Plaintiff responded that he was still interested in litigation his claims.

## II. MOTIONS TO RECONSIDER

The Plaintiff has filed a motion to reconsider the court's October 19, 2010 order dismissing his Eighth Amendment claim of deliberate indifference to a serious medical condition. [d/e 73] As the court has previously explained, the Plaintiff must be able to pass a two prong test to succeed with this claim. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). First, he must demonstrate that he suffered from a serious medical condition. *Id*. There is no doubt the Plaintiff has stated a serious injury based on the allegations in his complaint. However, the second prong requires the Plaintiff to show that the Defendant acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir.

1997)(citing *Farmer* at 840-42)   The Plaintiff admits as soon as the Defendants knew about his injuries, he received medical care.  The motion to reconsider is denied. [d/e 73]

The Plaintiff has also filed a motion to reconsider the court's denial of his motion for appointment of counsel. [d/e 72].  The Plaintiff says since he has adequately alleged a claim, counsel should be appointed for him.  This is not the standard for appointment of counsel.  As the court has previously explained the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the Plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff's previous motion was denied because he failed to demonstrate any attempt to find counsel on his own. *See also* March 25, 2010 Text Order. The Plaintiff has still failed to provide any evidence of his efforts including the names of any attorneys contacted and copies of any letters sent or received.  The motion to reconsider appointment of counsel is therefore denied. [d/e 72].

### III. MOTION TO COMPEL AND MOTION FOR SANCTIONS

The Plaintiff has filed two motions claiming that he has not received a response to his discovery request. [d/e 71, 76]   The first motion for an order compelling discovery claims that Defendant Hinman failed to respond to his request for "all Bureau of Prisons' Policy Statements, Operational Memoranda, Memorandum and Program Statements describing the functions, responsibilities and duties of FCI-Pekin Control Unit Staff, officers or related personnel." (Mot., p.1).  The Plaintiff has not included a copy of this discovery request with his motion to compel.

The Plaintiff's second motion asks for sanctions against Defendant Hinman. [d/e 76]. The Plaintiff says he has still has not received a response to his discovery request. *See* October 19, 2010 Case Management Order.  The Plaintiff has again not provided a copy of this discovery request.

In response to the Plaintiff's motions, Defendant Hinton says the reason the Plaintiff has never provided a copy of his request is because he never asked for those documents.   The Defendant has provided a copy of the only discovery request he has received in which Plaintiff asks for the names of the other officers in the area on the day of the assault. (Resp. Ex. 1).  The Plaintiff has presented no evidence of any other discovery request he properly provided to the Defendant.  Therefore, the motion to compel and the motion for sanctions are denied. [d/e 71, 76]

The court notes that both parties have mentioned a document entitled "Notice of Filing" in which the Defendant provided the names and addresses of other officers on duty during the time of the assault. (Sanc.Mot, p. 9).  The notice states that there were no other individuals in charge of monitoring the housing unit during the relevant time period.  However, the notice identifies four officers who had access to the security cameras. *Id.*  If the Plaintiff wishes to add any of these individuals as Defendants, he must file a motion with the court within 21 days of this order.   If the Plaintiff chooses not to file a motion within this time period, the case will

proceed against the only named defendant, Officer Hinman.

**IT IS THEREFORE ORDERED that:**

**1) The Plaintiff's motion to reconsider the court's October 19, 2010 order dismissing his Eighth Amendment claim of deliberate indifference to a serious medical condition is denied. [d/e 73]**

**2) The Plaintiff's motion to reconsider the court's denial of his motion for appointment of counsel is denied. [d/e 72].**

**3) The Plaintiff's motion to compel and the motion for sanctions are both denied. [d/e 71, 76]**

**4) If the Plaintiff wishes to add any of the other individuals as Defendants, he must file a motion with the court within the next 21 days.**

Entered this 9th day of May, 2011.

s/Michael M. Mihm
 ———————————————————
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE